USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/1/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAKED WHEY, INC., doing business as NAKED NUTRITION

    Plaintiff(s),

-against-

WUNDERKIND CORPORATION,

    Defendant(s).

1:22-CV-09614 (AT)

**STIPULATED PROTECTIVE ORDER**

ANALISA TORRES, District Judge.

  The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action (the "Parties"), their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

  1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

  2. The person producing Discovery Material (the "Producing Party") may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the Producing

Party, seriously harm the Producing Party's business, commercial, financial, or personal interests or cause the Producing Party to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. Any person subject to this Order who receives from any other person any Discovery Material (the "Receiving Party") that is designated as "Highly Confidential – Attorney's Eyes-Only" pursuant to the terms of this Order shall not disclose such "Highly Confidential – Attorney's Eyes-Only" Discovery Material to anyone else other than those identified in paragraphs 8(a)-8(f) below.

4. The person producing Discovery Material may designate as "Highly Confidential – Attorney's Eyes-Only" any portion thereof that is of such a private, sensitive, competitive, or proprietary nature that disclosure to persons other than those identified in paragraphs 8(a)-8(f) below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party.

5. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or that Party's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorney's Eyes-Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorney's Eyes-Only" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Highly Confidential – Attorney's Eyes-Only" either on the record during the deposition or in writing within five (5)

business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorney's Eyes-Only Information Governed by Protective Order" by the reporter. Prior to the expiration of such five (5) business day period, all deposition testimony shall be treated as Confidential Information.

6. If at any time prior to the trial of this action, a Producing Party realizes that some portion of Discovery Material that that Party previously produced without limitation should be designated as "Confidential" or "Highly Confidential – Attorney's Eyes-Only," the Producing Party may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as "Confidential" or "Highly Confidential – Attorney's Eyes-Only" under the terms of this Order. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential – Attorney's Eyes-Only" designation within two (2) business days of providing such notice.

**Who May Receive Confidential Materials**

7. No person subject to this Order, other than the Producing Party, shall disclose any Discovery Material designated "Confidential" or to any other person whomsoever, except to:

 (a) the parties to this action;

 (b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

    (c)    as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    (d)    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    (e)    any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    (f)    stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

    (g)    independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

    (h)    the Court and its staff;

    (i)    any other person whom the Producing Party, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material; and

8.    Except with the prior written consent of the Producing Party or by Order of the Court, "Highly Confidential – Attorney's Eyes-Only" Discovery Material shall not be furnished, shown or disclosed to any person or entity except to:

(a) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(b) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(c) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(d) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(e) the Court and its staff;

(f) any other person whom the Producing Party, or other person designating the Discovery Material "Highly Confidential – Attorney's Eyes-Only" agrees in writing may have access to such "Highly Confidential – Attorney's Eyes-Only" Discovery Material.

9. Prior to the disclosure of any Discovery Material designated "Confidential" or "Highly Confidential – Attorney's Eyes-Only" to any person referred to in subparagraphs 7(a), 7(d), 7(e), 7(i), 8(b), and 8(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed

Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.  In the event that, upon being presented with a copy of the Order, a witness refuses to execute the agreement to be bound by this Order, the Court shall, upon application, enter an order directing the witness's compliance with the Order.

10. "Confidential" or "Highly Confidential – Attorney's Eyes-Only" Discovery Material shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

11. Should the need arise for any Party or, as appropriate, non-party, to disclose "Confidential" or "Highly Confidential – Attorney's Eyes-Only" Discovery Materials during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such "Confidential" or "Highly Confidential – Attorney's Eyes-Only" Discovery Material.

**Filing Confidential Materials in this Action**

12. Any person who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

13. Notwithstanding the designation of material as "Confidential" or "Highly Confidential – Attorney's Eyes-Only" in discovery, there is no presumption that

such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow the individual practices of the Magistrate or District Judge to whom they direct pretrial requests for filing under seal.

14. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as "Confidential" or "Highly Confidential – Attorney's Eyes-Only" or sealed during pretrial proceedings.

15. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. A Party or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing "Confidential" or "Highly Confidential – Attorney's Eyes-Only" Information, or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses "Confidential" or "Highly Confidential – Attorney's Eyes-Only" Information shall file the document, pleading, brief, or memorandum on the PACER system in redacted form until the Court renders a decision on any motion to seal (the "Redacted Filing"). If the Producing Party fails to move to seal within seven (7) days of the Redacted Filing, the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

17. In the event that the Party's (or, as appropriate, non-party's) filing includes "Confidential" or "Highly Confidential – Attorney's Eyes-Only" Information produced by a Producing Party that is a non-party, the filing Party shall so notify

that Producing Party within twenty four (24) hours after the Redacted Filing by providing the Producing Party with a copy of the Redacted Filing as well as a version of the filing with the relevant Producing Party's "Confidential" or "Highly Confidential – Attorney's Eyes-Only" Information unredacted.

18. All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any materials which have previously been designated by a Party as comprising or containing "Confidential" or "Highly Confidential – Attorney's Eyes-Only" Information shall identify such documents by the production number ascribed to them at the time of production.

19. Any person receiving Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the "Confidential" or "Highly Confidential – Attorney's Eyes-Only" Information so as to prevent unauthorized disclosure.

20. Extracts and summaries of "Confidential" or "Highly Confidential – Attorney's Eyes-Only Information" shall also be treated with the same level of confidentiality as the designated information from which it was derived.

21. Nothing in this Order shall operate as an admission by any Party or non-party that any particular document or information is, or is not, "Confidential" or "Highly Confidential Attorney's-Eyes Only." Failure to promptly challenge a "Confidential" or "Highly Confidential – Attorney's Eyes-Only" designation shall not preclude a subsequent challenge thereto up to and including trial.

**Inadvertent Disclosure of Privileged Materials**

22. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

23. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

24. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

25. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information.

**Termination of the Litigation**

26. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated "Confidential" or "Highly Confidential –Attorney's Eyes-Only" and all copies thereof, shall, upon request of the Producing Party, be promptly returned to the Producing Party, or, upon permission of the Producing Party, destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within thirty (30) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.

27. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

For Plaintiff(s):                                             For Defendant(s):

Signed: */s/ Michael A. Bernet*                               Signed: */s/ Bennet J. Moskowitz*
Name: Michael A. Bernet                                       Name: Bennet J. Moskowitz
Dated: May 31, 2023                                           Date: May 31, 2023

**SO ORDERED.**

Dated: June 1, 2023
        New York, New York

**ANALISA TORRES**
**United States District Judge**